UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAX TORGOVNICK,

                Plaintiff,

       -against-

SOULCYCLE, INC.,

                Defendant.

Case No.: 17-CV-1782 (PAC)

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF ATTORNEY FEES

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Jason A. Zoldessy, Esq.
Nidhi Srivastava, Esq.

ATTORNEYS FOR DEFENDANT

**TABLE OF CONTENTS**

                                                                                    **Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

I.   DEFENDANT RESPONDED AND OBJECTED TO PLAINTIFF'S 91 DISCOVERY
     DEMANDS IN GOOD FAITH. ................................................................................ 2

II.  DEFENDANT PRODUCED RELEVANT, RESPONSIVE MATERIAL TO PLAINTIFF'S
     DOCUMENT REQUESTS AND OBJECTED WHERE APPROPRIATE. .......................... 4

     A.  Defendant Produced Responsive, Relevant Information Regarding Employees Who
         Served As Programming Coordinators (Request Nos. 16-19, 34, 40-41, 59). ................... 5

     B.  Defendant Appropriately Objected to Production of a Broad Range of Documents
         Relating to Plaintiff's Supervisors (Request Nos. 24-26, 60-61) ........................................ 8

     C.  Defendant Properly Objected to Requests Numbers 36 and 37 as they are Unduly
         Burdensome, Overbroad and Not Proportional to the Needs of This Case. ...................... 10

     D.  Request No. 64 Seeking All Severance Agreements Offered by SoulCycle to Any
         Departing Employee from 2014-2016 is Overbroad, Irrelevant and Unduly Burdensome 11

     E.  Defendant Produced Plaintiff's Emails from June 2015 to the Date of His Termination,
         Which Included Any Electronic Communications with Kathleen Toth, Joe Miller, Kaila
         Stevens, and Noelle Banks, among others. (Request Nos. 74, 75, 76-80, 82-83) ............. 12

     F.  Requests Regarding Any Complaints Lodged By Any Employee are Irrelevant to
         Plaintiff's Claim and Not Discoverable (Request Nos. 86 and 87). ................................. 13

III. PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES .............. 14

CONCLUSION.......................................................................................................... 14

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Barbara v. MarineMax, Inc.,
No. 12-CV-368 (ARR)(RER), 2013 U.S. Dist. LEXIS 67018 (E.D.N.Y. May
9, 2013) ........................................................................................................................4

Bartnick v. CSX Transp., Inc.,
No. 1:11-CV-1120, 2013 U.S. Dist. LEXIS 36697 ....................................................14

Black v. New York Univ. Medical Ctr.,
No. 94 CV 9074 (SS) (NRB), 1996 U.S. Dist. LEXIS 7632, at *17 (S.D.N.Y.
June 3, 1996).................................................................................................................7

Chen-Oster v. Goldman, Sachs & Co.,
293 F.R.D. 557 (S.D.N.Y. October 15, 2013) .............................................................9

Cullins v. Heckler,
108 F.R.D. 172 (S.D.N.Y. 1985) ...............................................................................14

Dzanis v. JPMorgan Chase & Co.,
No. 10 Civ. 3384 (BSJ) (JLC), 2011 U.S. Dist. LEXIS 137356 (S.D.N.Y.
November 30, 2011) .....................................................................................................5

Ri Sau Kuen Chan v. NYU Downtown Hosp.,
No. 03 Civ. 3003 (CBM), 2004 U.S. Dist. LEXIS 16751 (S.D.N.Y. August
19, 2004) .......................................................................................................................9

Robertson v. People Magazine,
No. 14 Civ. 6759 (PAC), 2015 U.S. Dist. LEXIS 168525 (S.D.N.Y. December
16, 2015) .......................................................................................................................4

Vaigasi v. Solow Mgmt. Corp.,
No. 11 Civ. 5088 (RMB)(HBP), 2016 U.S. Dist. LEXIS 18460 (S.D.N.Y.
February 16, 2016)...................................................................................................3, 10

Wood v. Capital One Servs., LLC,
No. 09-CV-1445 (NPM)(DEP), 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y.
April 15 2011)............................................................................................................12

## PRELIMINARY STATEMENT

This case involves a single-plaintiff asserting disability discrimination and retaliation claims against Defendant SoulCycle Inc. ("Defendant" or "SoulCycle"), and a series of events that for the most part occurred over the course of approximately four months in 2015. In sum, after approximately one year of employment with Defendant in entry level positions, in June 2015 Plaintiff Max Torgovnick ("Plaintiff") was promoted to the position of East Coast Programming Coordinator. Plaintiff did not perform satisfactorily in the position and, after being counseled on his deficiencies and suggestions for improvement, Defendant terminated Plaintiff's employment on November 4, 2015. Despite the fact that Defendant has produced tens of thousands of documents, which include not only (1) all of the personnel documentation that Defendant has on file for Plaintiff, (2) copies of relevant corporate policies and procedures and (3) all communications with government agencies regarding Plaintiff, but also (4) pertinent sections of other employees' personnel files and (5) Plaintiff's entire email box for the relevant time period, Plaintiff claims Defendant's discovery responses were made in bad faith and seeks additional documentation that is wholly unrelated to Plaintiff's allegations. Plaintiff served 91 overly broad and largely duplicative document requests to Defendant and is engaging in a fishing expedition for irrelevant information with the hope that he may stumble upon something of interest.

Defendant has made good faith efforts to respond to all of Plaintiff's document requests in a timely fashion and appropriately objected to those requests that have no bearing on Plaintiff's claims, are completely unrelated to Plaintiff and his employment with SoulCycle and/or are otherwise disproportionate to the needs of this case. Accordingly, Defendant respectfully requests that Plaintiff's Motion to Compel Discovery and For an Award of Attorney Fees (the "Motion") be denied.

I.    **DEFENDANT RESPONDED AND OBJECTED TO PLAINTIFF'S 91 DISCOVERY DEMANDS IN GOOD FAITH.**

Plaintiff's allegation that Defendant responded to discovery requests in bad faith and failed to comply with the Court's Order regarding discovery is meritless and unsupported by the facts. First, Plaintiff served 91 requests for documents to Defendant, which Plaintiff acknowledges is an "extraordinarily large number of requests." See Krauss Decl. ¶18. Defendant respectfully submits that this is an unreasonably large number of requests for a single-plaintiff employment discrimination case where the Plaintiff worked in the position at issue for approximately four months. Nevertheless, Defendant produced relevant, responsive documents and responded to certain requests with appropriate objections. Zoldessy Decl. ¶ 5. Defendant initially objected and responded to the requests on the parties' agreed-upon date to exchange discovery, June 6, 2018. Zoldessy Decl. ¶ 4. The objections that were proffered were not boilerplate but, to the contrary, were carefully tailored in response to each of Plaintiff's requests. Zoldessy Decl. ¶ 7.

Several weeks after the initial production Plaintiff's counsel contacted the undersigned about purported deficiencies in Defendant's production and, after the parties met and conferred in good faith, Defendant supplemented its production. Zoldessy Decl. ¶ 8-10. In fact, Defendant produced hundreds of pages of documents and over 50,000 emails from Plaintiff's email inbox, including emails Plaintiff exchanged with his co-workers and supervisors. Zoldessy Decl. ¶ 15, 19. This undermines Plaintiff's allegation that the "total number of documents produced was miniscule" and that Defendant responded to Plaintiff's discovery requests in bad faith. To the contrary, and especially after Defendant supplemented its production following the meet-and-confer process with a multitude of additional documents, Defendant's production was

2

quite voluminous, and went well beyond what is often required of defendants in single-plaintiff employment discrimination cases.  See Vaigasi v. Solow Mgmt. Corp., No. 11 Civ. 5088 (RMB)(HBP), 2016 U.S. Dist. LEXIS 18460 at *44-45 (S.D.N.Y. February 16, 2016) (finding defendant's production of 1,000 pages of documents, in response to 125 categories of documents, including plaintiff's entire personnel file, files concerning plaintiff, selected emails and employee handbooks was "within the range of what is normally seen" in single-plaintiff employment discrimination cases).

   With respect to the timing, at the parties' July 17, 2018 Interim Pretrial Conference with the Court, it was agreed that Defendant would complete its production by August 3, 2018 and, thereafter, Plaintiff could move to compel. Zoldessy Decl. ¶ 14.  On Friday August 3, 2018, Defendant produced to Plaintiff via email 230 additional documents. Zoldessy Decl. ¶ 15.  In the cover email, we advised Ms. Krauss that we were in the process of saving electronic files that were too large to email in a PDF, and as such the supplemental documents would be delivered to her office the following week. Zoldessy Decl. ¶ 18.  Defendant transferred over 50,000 emails from Plaintiff's email box for the relevant time period onto a flash drive. Zoldessy Decl. ¶ 19.  All emails were categorized by folder and sent to Plaintiff's counsel on a flash drive via overnight mail on August 9, 2018. Zoldessy Decl. ¶ 19.  Plaintiff's suggestion that Defendant did not act in good faith or that it delayed its production is without merit.  Defendant complied with its discovery obligations, responded to all of Plaintiff's requests and supplemented its production as quickly as possible as additional documents were located and prepared for production.

   As noted above, the emails from Plaintiff's inbox were produced in the format as they existed at the time of Plaintiff's termination. Zoldessy Decl. ¶ 21.  Defendant did not alter the documents before producing them. Zoldessy Decl. ¶ 21.  Upon information and belief, Plaintiff

personally categorized and organized the electronic folders containing the documents. Zoldessy Decl. ¶ 20.   In sum, Defendant produced exactly what Plaintiff's counsel requested in this regard. The volume of electronic material about which Plaintiff's counsel now complains is a direct result of Plaintiff's overbroad, burdensome requests.

## II.   DEFENDANT PRODUCED RELEVANT, RESPONSIVE MATERIAL TO PLAINTIFF'S DOCUMENT REQUESTS AND OBJECTED WHERE APPROPRIATE.

Plaintiff fails to demonstrate that many of his discovery requests are relevant or probative of his claims against Defendant.  As discussed in greater detail below, Plaintiff is engaging in a fishing expedition for information that has absolutely no relation to his claims.   It is well-settled that "[d]iscovery 'may not be used as a fishing expedition to discover additional instances of wrongdoing beyond those already alleged.'" Barbara v. MarineMax, Inc., No. 12-CV-368 (ARR)(RER), 2013 U.S. Dist. LEXIS 67018, at *5 (E.D.N.Y. May 9, 2013).   Plaintiff must make a *prima facie* showing that the discovery he seeks "is more than merely a fishing expedition." Id.  As repeatedly noted by this Court, "Fed. R. Civ. P. 26(b)(1) 'does not allow a party "to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Id. Plaintiff fails to set forth arguments to justify a broad production of documents that are unrelated to him or his allegations as set forth in his Complaint.  As such, his Motion should be denied. See Robertson v. People Magazine, No. 14 Civ. 6759 (PAC), 2015 U.S. Dist. LEXIS 168525 at *5-6 (S.D.N.Y. December 16, 2015) (noting that in most discrimination cases, discovery is addressed to allegedly discriminatory conduct and/or comments and thus denying plaintiff's document requests seeking unlimited access to magazine's editorial files).

4

Defendant addresses the discovery demands at issue in the same order presented in Plaintiff's Motion.

**A.    Defendant Produced Responsive, Relevant Information Regarding Employees Who Served As Programming Coordinators (Request Nos. 16-19, 34, 40-41, 59).**

Plaintiff dedicates seven different requests to documents relating to "any" other programming coordinator employed by Defendant.  First, Plaintiff fails to explain how information regarding all other programing coordinators is relevant to Plaintiff's individual disability discrimination and retaliation claims against Defendant.  Plaintiff is fishing for information about other individuals with the same job title regardless of whether he worked with them, whether they had common supervisors and whether their respective terms of employment with SoulCycle overlapped.  Plaintiff, who was an East Coast Programming Coordinator, does not allege in his Complaint that all programming coordinators employed by Defendant during the relevant time period -- June 2015 to November 2015 -- were similarly situated to Plaintiff, or that they were all treated better than Plaintiff.  He only claims that two new, unidentified programming coordinators were hired weeks after his meeting with human resources on September 28, 2015.  See Complaint ¶ 44-46.  As such, Plaintiff's reliance on Dzanis v. JPMorgan Chase & Co., No. 10 Civ. 3384 (BSJ) (JLC), 2011 U.S. Dist. LEXiS 137356 (S.D.N.Y. November 30, 2011) is misplaced.  There, the plaintiff specifically identified the names of the employees she claimed were similarly situated to her, and the court denied production of personnel files for eight of the fourteen individuals she explicitly identified and any individual who was not similarly situated to her.  Id. at *19-20.  Here, documents about other programming coordinators (who Plaintiff cannot even identify) are irrelevant and Plaintiff cannot demonstrate that these other individuals have any nexus with his

claims. Defendant properly objected to Request Nos. 16-19, 34, 40-41, 59 as overbroad, irrelevant and not proportionate to the needs of Plaintiff's disability discrimination and retaliation claims.

Second, Plaintiff's allegation that Defendant did not produce any documents as to whether any other programming coordinators were assigned the same tasks as Plaintiff is false. Despite the fact that Plaintiff failed to identify any similarly situated employees, Defendant produced documents related to the following individuals, hereinafter referred to as the "Other Coordinators":

- Stephanie Locey – East Coast Programming Coordinator;

- Sydney Thompson – Programming Coordinator;

- Georgia Mcintyre – West Coast Programming Coordinator;

- Ashley Crossman – Programming Coordinator; Manager, Operations;

- Jason Haro – East Coast Assistant Coordinator;

- Julia Superka – Programming Coordinator; and

- Lindy Flowers – Instructor Coordinator.

Defendant produced (to the extent existing) the Other Coordinators' 1) offer letters; 2) employment agreements; and 3) performance reviews for the relevant time period. Zoldessy Decl. ¶ 16. Defendant also produced the job descriptions for the east and west coast programming coordinator positions, as requested by Plaintiff. Zoldessy Decl. ¶ 17. Each of the offer letters and employment agreements explicitly set forth the specific responsibilities and tasks assigned to the individual, which responds to Request No. 16. Zoldessy Decl. ¶ 16. Plaintiff thus has the information he seeks as to whether he was given "more tasks than the other employees in the same role."

Moreover, Plaintiff possesses pertinent parts of the Other Coordinators' personnel files, including their performance evaluations. Zoldessy Decl. ¶ 16-17.  The performance reviews include substantive comments on the Other Coordinators' work product and assigned tasks. Similarly, any "mistakes or errors" Other Coordinators made, if any, would be reflected in their performance evaluations.  Other Coordinators' performance with respect to specific projects are encompassed in the performance reviews as well.   Accordingly, Defendant has appropriately responded to Request Numbers 34 and 41, and informed Plaintiff's counsel that it would supplement its production to Request No. 41 if additional, responsive documents are found.  To the extent that Plaintiff is searching for any documents of any type relating to the tasks assigned to the Other Coordinators and/or any mistake or error by the Other Coordinators, such requests are unduly burdensome and not probative of Plaintiff's claims.

In Request Numbers 19 and 59, Plaintiff seeks the entire personnel file of each individual who served in a programming coordinator role and Ashley Crossman.  Plaintiff fails to demonstrate why each and every document contained in the personnel files of other individuals with no connection to Plaintiff's employment with SoulCycle is relevant to his claims.  Plaintiff already possesses the Other Coordinators' performance reviews, job descriptions and assigned tasks, which go above and beyond what reasonably could be considered probative of Plaintiff's claims.  Plaintiff's speculation that the personnel files contain additional probative information is in actuality an attempt to obtain irrelevant information to bolster Plaintiff's case. See, e.g., Black v. New York Univ. Medical Ctr., No. 94 CV 9074 (SS) (NRB), 1996 U.S. Dist. LEXIS 7632, at *17 (S.D.N.Y. June 3, 1996) (denying plaintiff's motion to compel personnel files, work experiences, and wages of other medical center employees because the requests were unspecific and "unsupported by an evidentiary showing that they are based on something other than the mere

hope that enough materials will be snared in plaintiff's net so as to make her fishing expedition a success"). For the same reasons that the Court denied the plaintiff's motion in <u>Black</u>, the Court should deny Plaintiff's motion for these materials in the case at hand.

Lastly, Defendant produced Plaintiff' training schedule, which is responsive to Request Number 17.

**B.** **Defendant Appropriately Objected to Production of a Broad Range of Documents Relating to Plaintiff's Supervisors (Request Nos. 24-26, 60-61).**

Plaintiff seeks documents related to the performance of all individuals who had supervisory or managerial responsibilities over Plaintiff, including the personnel files for such individuals, and any documents concerning their termination or resignation. These requests are overbroad and irrelevant to Plaintiff's claims to the extent they are not directed at information concerning Plaintiff. In fact, there is not a scintilla of evidence that there is any documentation in these individuals' files having anything to do with Plaintiff, his performance, his claims of discrimination and retaliation and/or the circumstances surrounding the termination of Plaintiff's employment.

Request Numbers 25 and 60 are duplicative as they both request personnel files for those individuals who allegedly supervised and/or managed Plaintiff. The information included in Plaintiff's supervisors and/or managers' personnel files has no bearing on Plaintiff's claim that he was discriminated against on the basis of his disability or subjected to retaliation. Plaintiff claims that the supervisors' performance reviews will demonstrate any differential treatment "with respect to the employees they supervised and whether any of this impacted their evaluation." This is mere speculation and a non sequitur. Any evidence, if any, of differential treatment of other Programming Coordinators would be found in those employees' performance evaluations, which

8

Defendant has produced.  Further, how well Plaintiff's supervisors or managers performed at work is irrelevant to whether they discriminated against Plaintiff on the basis of his disability or subjected him to retaliation.  There is no evidence that any supervisor/manager was counseled or disciplined because of anything having to do with Plaintiff.   In sum, the personnel files of Plaintiff's former supervisors have nothing to do with Plaintiff's claims and these Requests are mere fishing expeditions.   Accordingly, Plaintiff's motion to compel production of these documents should be denied.

Request No. 61 seeks *any* complaints by *any* employee regarding Sarah Kiernan, Jordan Pianin-Kafenbaum, Kaili Stevens, Kathleen Toth and/or Joe Miller (i.e. individuals with supervisory responsibility for Plaintiff).  This request is overbroad and seeks irrelevant information with no nexus to Plaintiff's claims of discrimination and retaliation.  Plaintiff's requests arguably seek any documents existing anywhere having to do with any gripe that any employee had about five different employees who collectively worked for Defendant for many years.  Plaintiff is alleging Defendant discriminated against him alone on the basis of his alleged disability and subjected him to retaliation. As such, *any* complaint by *any* employee that is unrelated to disability discrimination or retaliation is irrelevant and overbroad, and production of same is unsupported by the case-law cited in Plaintiff's own Motion.  See Ri Sau Kuen Chan v. NYU Downtown Hosp., No. 03 Civ. 3003 (CBM), 2004 U.S. Dist. LEXIS 16751 (S.D.N.Y. August 19, 2004) (compelling production of sexual harassment claims by employees, not *all* complaints); Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557 (S.D.N.Y. October 15, 2013) (compelling production of gender discrimination complaints by female employees, not *all* complaints by any employee).

**C.**     **Defendant Properly Objected to Requests Numbers 36 and 37 as they are Unduly Burdensome, Overbroad and Not Proportional to the Needs of This Case.**

Defendant objects to Requests 36 and 37.  Request 36 seeks "all documents that relate to *any* request for reassignment by *any* employee other than Plaintiff and the response to such request."  (emphasis added).  "Blanket requests of this kind are plainly overbroad and impermissible."  Vaigasi, 2016 U.S. Dist. LEXIS 18460 at *47.  A number of courts have held that requests for "any and all" documents is overly broad.  Id. at *47-48 (collecting cases).  Plaintiff fails to explain why any type of request for reassignment for any reason by other employees is relevant to his claims.  Defendant does not maintain a database or central depository for information responsive to Request Number 36, and it would require reviewing the files and records of hundreds (or, if extended beyond the corporate office, potentially thousands) of other employees, the overwhelming majority of whom have no connection to Plaintiff or the claims in this lawsuit.  Such an expedition would be unduly burdensome and there is no reason whatsoever to believe it would lead to the discovery of evidence that is probative of Plaintiff's claims.  For instance, employees may request reassignments because they are moving to a new geographic area or they wish to teach a new class.  These requests have nothing to do with Plaintiff's claims of disability discrimination and retaliation.

Defendant objects to Request Number 37 (seeking "[a]ll documents that relate to any requests SoulCycle has received from employees for reasonable accommodations and the response to such requests") for similar reasons.  This lawsuit concerns Plaintiff and *his* disability discrimination claim.  Plaintiff already possesses documents concerning his requests for accommodations for his alleged disability and Defendant's responses to same.  Any requests for reasonable accommodations by employees other than Plaintiff and Defendant's responses to same

10

are irrelevant to Plaintiff's claim that Defendant discriminated against him.  Defendant does not maintain a database or central depository for these types of requests, and the only way for Defendant to even begin to respond to this improper request would be to review the personnel files and records of hundreds if not thousands of other current and former employees to see whether they had any documented requests for accommodations and, if so, how the Company responded to those requests.

**D.      Request No. 64 Seeking All Severance Agreements Offered by SoulCycle to Any Departing Employee from 2014-2016 is Overbroad, Irrelevant and Unduly Burdensome.**

Plaintiff fails to cite any authority supporting his position that he is entitled to "*all* severance agreements by SoulCycle to *any* departing employee". (emphasis added).  This request is deficient for several reasons: 1) it is overbroad; 2) irrelevant to Plaintiff's claims; 3) unduly burdensome; and 4) not proportionate to the needs of this case.  Plaintiff again uses the words "any" and "all" which courts have routinely found are overly broad phrases with respect to document requests.  Defendant does not maintain any formal policy or practice of offering severance agreements.  Plaintiff was not offered a severance agreement and there is no evidence that any purported comparators of Plaintiff were offered severance agreements.  To the extent that Defendant may have occasionally offered other employees severance agreements for reasons entirely unconnected to this lawsuit, Plaintiff has not offered and cannot offer any reason as to why these documents are appropriate topics of discovery for the case at hand.  This is yet another instance of Plaintiff engaging in a fishing expedition to review documents having nothing to do with his claims with the hope that they may reveal something of interest to Plaintiff.

**E.**    **Defendant Produced Plaintiff's Emails from June 2015 to the Date of His Termination, Which Included Any Electronic Communications with Kathleen Toth, Joe Miller, Kaila Stevens, and Noelle Banks, among others. (Request Nos. 74, 75, 76-80, 82-83).**

On August 9, 2018, Defendant produced over 50,000 emails from Plaintiff's email account categorized into approximately 85 labeled folders. Zoldessy Decl. ¶ 19.   Each folder is labeled with a detailed description of the folder's contents, including, but not limited to "Google Calendar", "Studio Manager Emails", "JOE MILLER", "HR SERVICES", "KATHLEEN TOTH", "PERSONAL", and "Studio Training Requests."   Accordingly, Plaintiff can locate a specific email based on the name of the folder.   Defendant also informed Plaintiff that there may be multiple copies of some files because multiple people were copied on the same emails and/or the same emails were saved in multiple folders. Zoldessy Decl. ¶ 23.   Even if the emails produced contain duplicative files, as Plaintiff alleges, Defendant still produced approximately 14,416 unique emails, all of which are contained in categorized, user-friendly folders.

Plaintiff fails to articulate with specificity what additional email or other electronic documentation he is seeking.   Plaintiff already has over 50,000 emails from the time period he was promoted to East Coast Programming Coordinator to the date of his termination.   Each of the folders contains information relevant to Plaintiff's requests for calendars and contact information for each of Plaintiff's former supervisors.   Specifically, Plaintiff has access to these individuals' email addresses and other business contact information as they are explicitly provided on the email messages.   Defendant has appropriately responded to Request Nos. 74, 75, 76-80, 82-83, and any other information Plaintiff seeks is irrelevant to his claims. See Wood v. Capital One Servs., LLC, No. 09-CV-1445 (NPM)(DEP), 2011 U.S. Dist. LEXIS 61962, at *38 (N.D.N.Y. April 15 2011) (rejecting plaintiff's request for additional information and holding that plaintiff requested such a

large volume of information, that the marginal relevance of such information was far outweighed by the effort and expense of responding).   Defendant further notes that Plaintiff has never suggested any keywords for searches.   In any event, Defendant submits that the information Plaintiff is requesting is contained in the production.

        **F.**        **Requests Regarding Any Complaints Lodged By Any Employee are Irrelevant to Plaintiff's Claim and Not Discoverable (Request Nos. 86 and 87).**

        Plaintiff seeks "All documents relating to any complaint by any employee relating to SoulCycle's work environment," as well as "All documents relating to incidents, reports, claims, or complaints of discrimination, violations with respect to family medical leave, failure to provide reasonable accommodations, retaliation, or harassment by or on behalf of any employee of SoulCycle and all investigations, dispositions, resolutions, settlement agreements, decisions, orders, and judgments involving any such incidents, reports, claims or complaints."   Plaintiff's requests (which are in large part duplicative of other requests discussed above) are irrelevant to Plaintiff's claims, overbroad, disproportionate to a single-plaintiff disability discrimination lawsuit and unduly burdensome.   None of these complaints, if they exist, concern Plaintiff or the allegations asserted in his Complaint.   Moreover, compiling every single document concerning any complaint from any employee who works for Defendant anywhere where it does business is burdensome and would require reviewing the files of hundreds if not thousands of other employees.   Plaintiff's Requests are nothing more than an attempt to require Defendant to expend considerable cost, time, and effort obtaining information that is completely irrelevant to Plaintiff's claims.   Request Numbers 86 and 87 seek documentation that is far beyond the boundaries of permissible discovery and Defendant should not be required to produce documents in response to these requests.

III.   **PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES**.

Defendant produced tens of thousands of documents that are responsive to Plaintiff's requests.   Defendant appropriately objected to Plaintiff's document requests that are overbroad, irrelevant or disproportionate to the claims asserted in this case.  Defendant's objections and responses were substantially justified, and thus an award of attorney fees is not warranted. See Cullins v. Heckler, 108 F.R.D. 172, 176 (S.D.N.Y. 1985) (finding attorney fees were not justified because defendant's opposition to Rule 37 motion was substantially justified under the facts of the case); Bartnick v. CSX Transp., Inc., No. 1:11-CV-1120 (GLS/RFT), 2013 U.S. Dist. LEXIS 36697 at *n6 (N.D.N.Y. March 18, 2013) (holding attorney fees or costs were not warranted under the circumstances).

**CONCLUSION**

For the foregoing reasons, this Court should: (1) deny Plaintiff's Motion to Compel Discovery; and (2) deny Plaintiff's request for attorney fees.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 430-4000

By:  _____

Jason A. Zoldessy
Nidhi Srivastava

ATTORNEYS FOR DEFENDANT

Dated:   September 7, 2018
New York, New York

14